Argued September 23, affirmed as modified November 1, reconsideration denied December 8, 1976, petition for review denied January 18, 1977

In the Matter of the Dissolution of the Marriage of
NUSSMEIER, *Appellant,*
*and*
NUSSMEIER, *Respondent.*
(No. 93844, CA 6208)
555 P2d 813

*Mark McCulloch,* Portland, argued the cause for appellant. With him on the brief were Powers & McCulloch, Portland.

*Levi J. Smith,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The husband appeals from a marriage dissolution decree which requires him to pay $200 a month child support for each of the parties' two children, ages 5 and 13.

The parties were married in 1961. At the time of the decree in March 1976, the wife was 37 and was the head of the English Department at a junior high school, having taught for eight years. Her gross income for the 1975-76 school year was $14,500. She had in the past supplemented her income by summer employment, earning $300 in 1975. The husband, 38, was a certified public accountant whose gross income had risen from $13,000 in 1973 to $17,100 in 1975. However, the husband predicted that he would earn less than $17,100 in 1976 because, having formed a partnership in December 1975, his overhead had more than doubled.

The trial court expressed its belief that, in order to prevent the parties from having to seek future modification of child support, it should consider in setting the amount of child support the possibility of an increase in the husband's income in the near future. Such a decision, we think, was speculative. ORS 107.135(1)(a), allowing modification of child support based on change of circumstances, is designed to meet future changes and is the procedure the legislature contemplated for future changes.

We conclude from the record that a sum of $125 a month per child is currently appropriate. If the husband's income increases there will be ample opportunity at some future time to consider whether there has been a sufficient change of circumstances as might warrant at that time an increase in child support.

Affirmed as modified. No costs to either party.