Remanded October 14, former opinion withdrawn November 29,
affirmed November 29, 1976

In the Matter of the Dissolution of the Marriage of
GREISAMER, *Appellant,*
*and*
GREISAMER, *Respondent.*
(No. 74-619E, CA 5100)

556 P2d 992

SCHWAB, C. J.

(See, former Court of Appeals opinion at 24 OR App
819, Supreme Court opinion at 276 Or 397.)

**SCHWAB, C. J.**

This child custody dispute is before us on remand from the Supreme Court.

In November 1974, the trial court entered a decree of separation and awarded custody of the parties' two minor children to the father. In August 1975, the court entered a decree dissolving the marriage and changing custody of the two children to the mother. On appeal, this court held that the court erred in admitting evidence in the dissolution proceeding of events which had been the subject of testimony in the separation suit. *Greisamer and Greisamer,* 24 Or App 819, 547 P2d 155, *rev'd and rem'd* 276 Or 397, 555 P2d 28 (1976). We concluded that no change of circumstances had been established which would justify the change in custody. The Supreme Court reversed, holding that:

> "* * * It is patent * * * that the evidence relating to the husband's custodial qualifications existing at the time of the first proceeding are an essential ingredient in the second proceeding in determining what would best serve the children's interests." 276 Or at 401.

The Supreme Court remanded the case to this court with instructions to consider the evidence which had been the subject of prior testimony. The Supreme Court also instructed that:

> "* * * In determining whether the original decree is to be modified, a very important consideration is the psychological impact which frequently results from the shifting of the child once it has found roots of security and stability with one of its parents.
>
> "We will assume that the Court of Appeals will, as it has in other cases, take this factor into account in making its decision." 276 Or at 402.

We have reexamined the record and have given due consideration to all evidence relevant to both parties' fitness as parents. The evidence establishes that there has been a change of circumstances since the separation decree in that the mother, who was unemployed at that time, has since acquired permanent employment

as a nurse. The evidence also shows that the mother is better suited by temperament and disposition to be the custodial parent. Further, the stability of the relationship that has undoubtedly arisen between the mother and the children in the 15 months since custody was changed to her is a bond we are reluctant to sever.

Considering all these factors, we conclude that the trial court's award of custody to the mother was proper.

Former opinion withdrawn; affirmed.