Argued November 18, reversed and remanded December 6, 1976

In the Matter of the Dissolution of the Marriage of
PHILLIPS, *Appellant,*
*and*
PHILLIPS, *Respondent.*
(No. 416-383, CA 6626)
557 P2d 31

*Brian W. O'Brien,* Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

FORT, J.

**FORT, J.**

The father appeals from an order denying his motion to modify the child support provision of a previously granted dissolution-of-marriage decree.

The marriage of the parties was dissolved on December 26, 1975. The decree awarded custody of the parties' two minor children to the wife and required the husband to pay child support of $85 per month per child. The decree also divided the parties' property and required the husband to pay the family debts.

It is not disputed[1] that prior to August 1975 the husband was employed with the sewer division of the City of Portland, earning between $800 and $900 per month in take-home pay. At the dissolution hearing it was established that an on-the-job back injury had required him to discontinue work, and that although he had just received a modified release from his physician to return to work and hoped to return to his previous job, he was then on workmen's compensation. At the time of the dissolution hearing, his compensation was in fact $558.65 per month plus rental income of $153 per month from a rental awarded to him which was $5 less than the monthly mortgage payments of $158.[2]

In setting the amount of child support at the dissolution hearing, the court stated:

> "* * * I think Mr. Phillips is capable of earning a good income. I expect within the next couple of months he will be back to work earning a good income; and I don't think that looking ahead three to six months, he is going to have too much difficulty in paying child support which the Court has ordered. If in fact he cannot, and he can demonstrate that fact, then, of course, the Court will entertain a motion to modify * * *."

No appeal was taken from the dissolution decree.

---

[1] We note that respondent mother has filed no brief in this court. The factual statements of the appellant we therefore accept as correct.

[2] At the December dissolution hearing the trial court concluded that the parties had, in view of the indebtedness against it, no equity in that real property.

On May 10, 1976, the husband made a motion to modify child support to $50 per month per child. At the hearing on the motion it was established that his employment with the City had been terminated as the result of the injury, that he had been unable to obtain other employment at a level of compensation comparable to that paid by the city, and that he had therefore secured employment elsewhere. He was thus then earning only $254.84 every two weeks take-home pay instead of the $400 to $450 semimonthly take-home pay predicted and relied upon by the court in entering the original decree. These facts were not contradicted by the wife, who asserted by affidavit only that she had not received any child support payments since the decree.

At the modification hearing the husband testified that he was still receiving $153 per month rental income, but that his total income was insufficient to pay the family debts, the mortgage payments and the child support as required by the decree.

The court found that the husband's present income from wages was approximately the same as his previous compensation for his on-the-job injury. The court nevertheless denied the motion to modify on the ground that the husband had not shown any material change in the circumstances of the parties, and stated:

> "* * * I suggest you proceed in this manner. First of all, pay the child support before you pay anything else. That's $85 a month per child. Then, if you have anything left over, pay the other bills which you were ordered to pay as part of the divorce decree; and if there is anything left over, then—your wife will have to pursue her legal remedies through other means, but the child support has priority over car payments and any other bills that you may have been ordered to pay."

We note first that modification of the property settlement provided for in the decree was not sought, and under ORS 107.135(1)(a) could not be changed. The question then presented is whether the husband's inability to obtain employment at an income compar-

able to that predicted and relied upon by the court in setting the amount of child support at the dissolution hearing is a sufficient change of circumstances to warrant a modification of the child support.

This case was tried before our recent decision in *Nussmeier and Nussmeier,* 27 Or App 173, 555 P2d 813 (1976). There the trial court had expressed its belief that in order to prevent the parties from having to seek future modification of child support, it should consider in setting the amount of child support the possibility of an increase in the husband's income in the near future. We held that

"[s]uch a decision * * * was speculative. ORS 107.135(1)(a), allowing modification of child support based on change of circumstances, is designed to meet future changes and is the procedure the legislature contemplated for future changes." 27 Or App at 175.

Here, too, the decree was speculative concerning the anticipated earnings of the husband. We conclude that the facts predicted by the trial court here—return of the husband's income to its previous level—must therefore be considered as an important factor in making the original child support order and thus, in reality, became a part of the basis from which any subsequent change of circumstances must be determined.

Accordingly, because the husband's income, through no fault of his own, had not returned to its August 1975 level, and remained, as the court found, what in fact it was when the original decree was entered, we conclude that sufficient change in circumstances was shown to warrant modification of the child support to $60 per month per child. It is so ordered.

Reversed and remanded.