Argued January 20, affirmed as modified, costs to neither party
February 8, 1977

In the Matter of the Marriage of
PERGAMENT, *Appellant,*
*and*
PERGAMENT, *Respondent.*
(No. 74-3702, CA 6853)
559 P2d 942

William J. Stater, Certified Law Student, Eugene, argued the cause for appellant. With him on the brief was William E. Simons, Lane County Legal Aid Service, Eugene.

Douglas L. Melevin, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Mother appeals from that portion of an order modifying a dissolution decree which allowed the father a two month visitation each summer and terminated child support payments to her during the summer visits.

By default decree of dissolution in 1974, the mother had obtained custody of the boy, who is now four years old, subject to "reasonable visitation" by the father. The father was ordered to pay $100 per month child support, however, by agreement with the Welfare Recovery Division, he has been paying only $40 per month. The mother, a full-time community college student, is a welfare recipient. The father is attending graduate school and working at a small all night market. Both parties presently live in the Eugene, Oregon, area.

In his motion, father asked for visitation of two days per week, one week during Thanksgiving vacation and three months during the summer, as he calculated, approximately 180 days per year. During the 12 months preceding the motion to modify the decree, father had had visitation for approximately 100 days. The visits were usually of short duration with few overnight or extended visits. Mother, during the hearing, stipulated the child could visit his father two days per week with overnight privileges. The principal area of controversy is the extended summer visitation.

Mother makes essentially two contentions. First, the father failed to establish sufficient change of circumstances justifying modification of visitation rights. Second, he failed to establish a change in visitation would be in the best interest of the child.

The decree provided for reasonable visitation. The parties had no specific agreement as to times and it appears the visitations were sporadic and many times based upon the needs of the mother to have father

babysit with the child. When the parties are unable to agree as to what are reasonable visitation rights the court must decide. Both parents suggested a schedule and being unable to agree the trial court must resolve the controversy by specifying the visitation schedule. This does not involve a modification of the decree requiring proof of a change of circumstances as that rule has developed in dissolution cases.

■ In dealing with a child of a dissolved marriage the court must always look to the welfare of the child, and this is true when determining the contours of visitation. It is clear from this record both are good parents and the child will experience no harm in either living environment.

■ When a family is split by dissolution of the marriage the child of necessity can be in custody of only one parent and the custodial parent is given the primary responsibility for rearing the child. Equity does not require that the child be equally divided; the welfare of the child mitigates against such approach. The desires of the father to develop a good father-son relationship by more extended visits is commendable; but, having the child spend half of its life on a piecemeal basis in each home could add little to the stability and consistency in child rearing needed in the formative years.

■ Both parents are attending school which leaves only the summertime for each to enjoy relatively full time companionship with their son. The two month summer visitation specified would tend to separate the mother and child for a long period during the summer when she also would be more available to the child. The two month period would, we feel, disrupt the stability, homelife and child rearing responsibility which must of necessity be given to one parent. The decree should be amended to allow visitation of the child with the father as stipulated by the mother, i.e., two days per week with overnight privileges, and in addition, one week during Thanksgiving vacation and

one month during the summer under the conditions specified by the court.

■ The custodial parent's obligation to provide for the child cannot conveniently be segregated on a month to month basis.That parent must provide shelter, clothing, toys, furniture and many other items that last beyond a month, and the cost of which must be amortized over a longer period of time than reflected in a monthly child support obligation. In the instance where the visitations are of a short duration and dispersed over a period of time it would impose a penalty on the child to suspend the support payments during visitation with the father. The child support payments should continue unabated during periods of visitation.

The court amended the decree to provide different visitation in the event the parents establish residences a distance apart. This portion of the decree is not questioned on appeal and we do not review it.

Affirmed as modified. Costs to neither party.