Argued March 24, affirmed April 11, 1977

REMINGTON, *Respondent,*
*v.*
REMINGTON, *Appellant.*
(No. D839, CA 6940)
562 P2d 586

Darrell E. Bewley, Portland, argued the cause for appellant. With him on the brief was Niedermeyer & Bewley, Portland.

J. D. Bailey, Hillsboro, argued the cause for respondent. With him on the brief was Schwenn, Bradley, Batchelor & Bailey, Hillsboro.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

TANZER, J.

## TANZER, J.

The parties were divorced in 1969 and custody of their son was given to the father subject to reasonable visitation by the mother. Upon the father's motion to modify the decree to provide specific times, the decree was clarified in August 1975 to provide for visitation one weekend per month. In August 1976, upon the father's motion, the court modified the decree to provide for visitation one hour each month in the father's home. The decree further provided:

> "It is the intention of the court in issuing this order that it shall be temporary in nature, and that at any time after six months from the entry of the order the court may review the visitation program without requiring that either party demonstrate a substantial change in circumstances. After the expiration of six months the court will require that the parties attempt to arrive at a visitation program more liberal to the [mother] that is, providing more visitation than the schedule set out in the modifying language above before coming into court to secure the assistance of the court in establishing a program."[1]

The mother appeals from the modification, urging us on review de novo to provide for greater visitation.

The boy, eight years old at the time of the hearing, is suffering symptoms of depression. Medical testimony evidence established that his depression was caused by his confusion and failure to understand his relationship with his natural mother and its effect on his relationship with the members of the paternal family unit in which he resides. The mother initially saw little of the boy, but has tried to increase visitation in recent years. The father appears to begrudge the mother's visitation. He is skeptical about the mother's assertion that she has overcome certain

---

[1] Neither party challenges the validity of the six-month continuation clause of the order as it extends the authority of the court. Nor is there a challenge to the appealability of the order as that clause tends to render it less than final.

tawdry conditions of her life and he fears that visitation with the mother would therefore expose the boy to harmful influences. Thus he has not constructively prepared the boy for visitations by or a relationship with his natural mother. The abrupt injection of his natural mother into his life without preparation is understandably traumatic to the boy.

The mother prays that we provide for more liberal visitation, in part to overcome the unfamiliarity of the boy with his natural mother. The trial court observed that the boy would be best served by the establishment at the earliest possible time of a meaningful relationship with his mother. The order of the trial court was designed to temporarily stabilize the situation so that the boy's emotional health could be dealt with, and so that a more liberal permanent program of visitation between the mother and boy can be arranged. We both defer to and agree with the perception and objectives of the trial court. A temporary stabilizing order prior to an enlargement of visitation rights is reasonably calculated to achieve those objectives.

Affirmed. No costs to either party.