TANZER, J.
The parties were divorced in 1974 and custody of their three-year-old daughter was awarded to the mother subject to reasonable visitation by the father. In July, 1976, the father petitioned for modification of the dissolution decree changing custody of their child to him. Alternatively, he sought to modify the decree to provide specific times for visitation.[1] Following protracted and bitterly contested proceedings, the trial court denied the change of custody and ordered that all visitation be suspended for a period of 18 months.[2] The order further provided that evidence of the child’s progress and the feasibility of renewed visitation should be reviewed by the court at the end of the 18-month period and that a renewal of visitation at that time would not require a showing of changed circumstances.
The father appeals only that portion of the order suspending visitation. He contends that the trial court was without jurisdiction to take that action because the wife did not seek such relief and because the husband was given no notice that suspension of his visitation rights was at issue. Furthermore, the father argues that the court’s action was unwarranted by the facts in this case.
Although the mother did not petition the court for suspension of visitation, the father’s motion necessitated consideration of the appropriate duration and frequency of the child’s contact with the noncustodial parent. Husband put before the court a complex problem for the court to resolve. In dissolution proceedings, the court has full equity powers. ORS *[1174] 107.405. Its ability to fashion an equitable decree which is responsive to the circumstances apparent from the record is not strictly confined to the relief sought in the parties’ pleadings. See, Grove and Grove, 280 Or 341, 571 P2d 477 (1977).[3] This is particularly true when the issue before the court involves parental rights and responsibilities because in that context the court’s overriding responsibility is to fashion an order in furtherance of the best interests and welfare of the child. Pergament and Pergament, 28 Or App 459, 462, 559 P2d 942 (1977). We hold, therefore, that the trial court did not exceed its jurisdiction in suspending visitation.
Next, we review de novo the wisdom of the order. A suspension of visitation may be appropriate when the emotional health of the child requires stabilization of parental relationships. Remington v. Remington, 29 Or App 135, 562 P2d 586 (1977). Here, the psychiatric and psychological evidence indicated that the child was suffering from the consequences of the conflict between the parents and from their respective inability to act in the interest of the child free from the effects of their mutual hostility. The restoration of a normal and wholesome pattern of visitation will require a stabilizing period during which the child may settle down emotionally and the parents may calm down sufficiently to effect change in their parental understanding and ability for the benefit of the child.
The purpose of the suspension is to enable the restoration of visitation, not its termination. Therefore the decree properly provides for review. We trust that the matter will be reviewed with that goal in mind. The time period must be sufficient to enable *[1175] stabilization, but not so long as to create a fixed condition. The trial judge, who heard the evidence and saw the affected persons, concluded that 18 months from the date of the order was an appropriate time period for the accomplishment of that purpose and we will not disturb that decision.
Affirmed.

The petition requested that the decree be modified to allow visitation on alternate weekends and on one additional night per week. In addition, visitation was requested on alternating spring, Thanksgiving and Christmas vacations and for six weeks each summer.

 Although the facts are not sordid as in Sarty v. Forney, 12 Or App 251, 506 P2d 535 (1973), it is equally true here that no purpose would be served by setting out the details of the parties’ conduct with respect to the custody dispute.

In Grove and Grove, 280 Or 341, 571 P2d 477 (1977), the Supreme Court granted the husband’s petition for review. The wife did not appeal the decision of this court. Nevertheless, the Supreme Court considered all of the circumstances relevant to the support provisions of the decree and ordered an immediate increase in spousal support payable to the wife. The Court also eliminated a provision in the decree calling for termination of spousal support upon the wife’s remarriage. Appeal and review in domestic relations cases may he risky remedies.