Submitted on record and briefs March 22, affirmed May 30, 1978

In the Matter of the Marriage of
BIRGE, *Respondent,*
*and*
BIRGE, *Appellant.*
(No. 28410, CA 8914)
579 P2d 297

Stephen M. Bloom and Joyce, Harding & Bloom, Philomath, filed the brief for appellant.

Todd G. Brown and McClain and Brown, Corvallis, filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Father appeals an order modifying a decree of dissolution by changing custody of the parties' minor child from father to mother. Father asserts that mother has failed to establish a change of circumstances justifying a change in custody.

The child, a girl, was four years old at the time of the most recent hearing on the motion for change of custody. In April, 1974, a decree of dissolution was granted the parties and custody of the child was granted to the mother. In July, 1974, mother voluntarily gave physical custody of the child to the father. In January, 1976, mother, by motion, sought to have physical custody of the child returned to her in compliance with the original decree. In response to that motion the court, in March, 1976, ordered the child placed in the temporary custody of the father for a one-year period. The order provided

"* * * that the hearing of March 18, 1976 is continued for a period of one year, and both parties have a duty to bring to the Court's attention the necessity to schedule in March of 1977 a hearing to continue and complete the Court's consideration and disposition of the motions of the parties."

The record does not disclose if any further evidence was presented by either party. In any event the court, in July, 1976, vacated the temporary custody order and modified the decree to award custody of the child to the father. The order stated in part:[1]

"* * * The father has provided a good home for the child since the mother gave him physical custody. Although the mother has made a great improvement in

[1] We assume the court acted in response to our decision in *Gwinner and Gwinner,* 24 Or App 743, 547 P2d 151, *rev den* (1976), when we stated that a reservation of a decision on custody by a temporary order should be used only in an exceptional case. By affirming the order of the trial court we do not approve the procedure of continuing a custody hearing for one year to allow additional evidence. In view of the need for finality in custody orders to allow prompt appeal and to help stabilize the parent-child relationship temporary custody orders are specifically disapproved.

her emotional and living situation in the months immediately prior to the hearing, this has not outweighed the need for a continuing of an adequate and proper living situation the child has enjoyed with the father."

The order specified the times mother would exercise her rights of visitation.

In July, 1977, the court, on motion of the mother, modified the decree by awarding her custody of the child. It is this modification which is the subject of appeal.

Mother does not claim that father is failing to provide adequately for the physical needs of the child. Her principal contention is that father's conduct toward her in the presence of the child creates a detrimental environment requiring a change of custody.

The relationship between the parents is quite hostile. After father was given custody of the child in March, 1976, mother experienced difficulty in exercising her visitation rights. She was subjected to verbal abuse and harassment in front of the child whenever she would begin and end her visitations. Mother kept a diary detailing the incidents surrounding their confrontations; the diary was received in evidence. She also introduced testimony of persons who had accompanied her when she went to father's home to pick up or return the child. We decline to recite the details of their several confrontations or what the father told the child about her mother. Suffice it to say there was substantial, believable evidence that father has adopted a course of conduct designed to alienate the child from the mother.

Father, while conceding he has treated the mother poorly in the presence of the child, contends this is not a material change of circumstances since the decree was entered which would justify a change in custody. He argues that the wife has failed to show the circumstances which existed at the time of the decree and thus cannot establish if these circumstances have

changed. The last previous hearing in which the court heard evidence was in March, 1976, when temporary custody was given to the father. The evidence presented in the hearing at bar, related to what had occurred between the parties following that order. The change of circumstances rule requires that the moving party establish that the circumstances are different from those considered by the court when the order sought to be modified was issued. Mother established the circumstances had changed. The remaining question is whether the change is sufficient to justify changing custody.

■■ The purpose of the rule is to deter constant litigation regarding child custody and bring some measure of stability to the child's life. Ordinarily hostility between the former spouses would not be considered a material change of circumstances. However, the primary and predominant inquiry in determining custody of a child is the welfare of the child. We cannot strictly apply the change of circumstance rule to deter litigation where there is a discernible adverse impact on the child.

■ The growth and maturation of a child is not restricted to its physical well being. It is equally important that a child live in an environment which will allow proper nurture of emotional growth. When dissolution requires that custody be given to one parent, it is essential that the parents do nothing to intentionally interfere with the bonds of love and affection the child may develop for each parent.

■ It is clear from the evidence in this case that the child has become a weapon of the father in his attempt to punish the mother for supposed transgressions. It is equally clear that the combat is having an adverse emotional effect on the child in her relationship with the mother.

The four-year old child has been in the custody of the father for three years and we are reluctant to

uproot the child once more. However, the harm to the child in her present environment with the father outweighs the damage attendant upon another change in custody.

Mother's homelife is not exemplary. She has been cohabiting with her fiance during the time she has the child for a visit. On occasion she, her fiance and the child all share the same bed. We do not pass moral judgment on this relationship. The child is perhaps too young to appreciate its significance. Mother has purchased a mobile home and intends to marry in the near future.

Perhaps neither parent provides the best home for the child, but the courts are not empowered to find the best home. We are left to select between the competing parents with the best interests of the child in mind. In affirming the trial court we do not do so to punish the father, nor do we presume a change of custody will alter the relationship between the parties. We can only hope they will mature and begin considering the welfare of the child in their relationship.

Affirmed. No costs to either party.