Submitted February 14, affirmed as modified
March 19; reconsideration denied June 5; petition
for review denied July 10, 1979

## DOCKHAM, nka RINE, *Appellant*
*v.*
## DOCKHAM, *Respondent.*
## (No. 27-401, CA 11838)
592 P2d 279

Sandra Miriam Rine, Edmonds, Washington, filed the briefs pro se for appellant.

Donald W. Hull, and Annala, Lockwood, Carey & Hull, Hood River, filed the briefs for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Mother appeals two separate orders, one reducing monthly child support and the other setting summer visitation for one month in 1978 and eliminating child support for that period. Because setting forth the facts would not be particularly useful, we turn directly to the issues raised by the mother.

■■ The trial court found that the father's unemployment for an eight-month period and his temporary employment at wages less than one-third his income at the time of the last decree modification constituted a sufficient change in circumstances to warrant a reduction of child support from $150 a month per child for the two minor children in the custody of the mother to $90 a month per child. We agree. *Phillips and Phillips,* 27 Or App 629, 557 P2d 31 (1976). However, we do not agree with that portion of the order which requires an automatic reinstatement of the child support of $150 when the father is re-employed and is earning an income of $17,000.

In *Agrue v. Agrue,* 233 Or 456, 378 P2d 965 (1963) where the father transferred his dental practice to another state and needed time to re-establish his profession, the Supreme Court modified the trial court's permanent reduction of child support and spousal support to provide that the support would be restored after a period of six months. In the present case, tying increased support to a projected income figure rather than to a specific time could have the effect of permanently reducing the child support if father's income does not reach $17,000 even though it might increase substantially. The facts here are similar to *Nussmeier and Nussmeier,* 27 Or App 173, 555 P2d 813 (1977), in which we said:

> "The trial court expressed its belief that, in order to prevent the parties from having to seek future modification of child support, it should consider in setting the amount of child support the possibility of an increase in the husband's income in the near

[399]

future. Such a decision, we think, was speculative. * * *" 27 Or App 175.

We conclude from the record that a sum of $90 a month per child was appropriate. It may be modified as circumstances change.

On the issue of summer visitation of the two minor children with father, we find the court's order was specifically directed to visitation only for the month of August, 1978. That issue is now moot. However, the court's order relieving father of child support for the two children for that month was improper.

In *Pergament and Pergament*, 28 Or App 459, 559 P2d 942 (1977), we said:

> "The custodial parent's obligation to provide for the child cannot conveniently be segregated on a month to month basis. That parent must provide shelter, clothing, toys, furniture and many other items that last beyond a month, and the cost of which must be amortized over a longer period of time than reflected in a monthly child support obligation. In the instance where the visitations are of a short duration and dispersed over a period of time it would impose a penalty on the child to suspend the support payments during visitation with the father. The child support payments should continue unabated during periods of visitation." 28 Or App at 459.

The father is obligated to pay child support for the month of August, 1978 in the amount of $90 for each child.

Affirmed as modified. No costs to either party.