Argued and submitted July 10, affirmed in part;
reversed in part December 30, 1981

In the Matter of the Marriage of

## ADAMS,
*Respondent,*
*and*
## ADAMS,
*Appellant.*

(No. D7807-11790, CA A20319)

637 P2d 1358

Linda A. Pedersen, Portland, argued the cause and filed the brief for appellant.

Elizabeth Welch, Portland, argued the cause for respondent. With her on the brief was Doblie, Francesconi & Welch, P.C., Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judges.

WARREN, J.

## WARREN, J.

The parties were divorced in Oregon in 1979, and custody of their now ten-year-old daughter was awarded to mother, who lives in Los Angeles, subject to visitation by father in Oregon for six weeks every summer and other reasonable visitation in Los Angeles, on two-weeks notice to mother. After the 1980 summer visitation, mother sought to terminate father's visitation rights, claiming that because the child reacted so adversely to the visit, no further visitation should be allowed. Father responded with a motion for change of custody on the ground that the mother was attempting to alienate the child's affection for him to the detriment of the child. The trial court ruled that custody would remain with mother and that father's visitation rights would be temporarily suspended. The length of the suspension was not defined. Father appeals from both parts of the order.

■ The trial court found that there had not been a material change of circumstances to justify changing custody. The record shows mother feels a strong antipathy for father, has done nothing to promote a good relationship between father and daughter and would clearly prefer that the child have no contact with her father. There is some evidence the child is being adversely affected by mother's attitude, but we agree with the trial court that a change of custody is not warranted in this case. *Cf. Birge and Birge,* 34 Or App 581, 579 P2d 297 (1978) (custodial parent using child as a weapon in his ongoing hostility with the non-custodial parent, resulting in harm to child, held sufficient to warrant change of custody).

■ Father also challenges the trial court's decision to suspend his visitation rights. This was based on the best interests of the child, who expressed a marked aversion to her father, justified an indefinite suspension of visitation. The child told the trial court that she did not love her father, that during the visitation he had hit her and forced her to pretend she was enjoying herself and that she did not want to visit him again. However, she told conflicting stories about what occurred during the visit, telling some people how much she enjoyed it and others how she was abused and never wanted to visit her father again. Expert evidence was presented that

the child was spoiled, highly manipulative and dramatic and that she was enjoying the attention she was getting from her mother as a result of her attacks on her father.

The trial court found, and we agree, that there was no evidence of misconduct on the father's part which would justify termination of visitation. A parent is entitled to an opportunity to enjoy the love and companionship of his child. *Delf and Delf,* 19 Or App 439, 444, 528 P2d 96 (1974). This includes the right not to have his relationship with his child disturbed by the custodial parent. *See Birge and Birge, supra,* 34 Or App at 585. Regardless of the parents' rights, the paramount issue is the best interests of the child. *Pergament and Pergament,* 28 Or App 459, 559 P2d 942 (1977). However, parental rights have been recognized even when a child was suffering depression as a result of his inability to understand his relationship with the non-custodial parent and its effect on his relationship with his custodial family unit. *Remington and Remington,* 29 Or App 135, 562 P2d 586 (1977).

We disagree with the trial court's finding that the best interests of the child dictate a denial of visitation to father. *Remington and Remington, supra.* We do not believe that a custodial parent's dislike for her former spouse and her possible attempt to implant that dislike in the child is a basis for termination or suspension of visitation of the non-custodial parent. An extreme form of such behavior was found to justify a change of custody in *Birge and Birge, supra.* As noted above, the facts in this case are not sufficiently aggravated to justify changing custody; however, we will not deprive a parent of his right to the companionship of his child because of the custodial parent's efforts to manipulate the child. Furthermore, it is in the child's best interest to develop a healthy relationship with both parents, which would be impossible if all contact with father were severed.

The order of the trial court continuing custody in mother is affirmed. The order suspending father's visitation rights is reversed. Costs to appellant.