Argued and submitted September 11, 1981, remanded for further proceedings
February 22, 1982

## In the Matter of the Marriage of

### PARKER,
*Respondent,*
*and*
### PARKER,
*Appellant.*

### (No. 27655, CA A20787)

641 P2d 84

Joseph E. Penna, Monmouth, argued the cause and submitted the brief for appellant.

Scott McArthur, Monmouth, argued the cause for respondent. With him on the brief was McArthur & Jennings, P.C., Monmouth.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals the child support and property division provisions of a dissolution decree. We review *de novo,* ORS 19.125(3), but remand.

The parties were married in 1969. Husband is 32. Wife is 30. They have two children, ages 11 and 8. Custody was awarded to wife. Husband was ordered to pay $300 monthly child support. He was also ordered to pay miscellaneous family debts of $2,500 and $1,363 toward wife's attorney fees. The family home and acreage was ordered sold with the net proceeds to be divided equally. A rental property with a net equity of $24,000 was awarded to husband. Wife was given a judgment lien for $12,000 against the property to be paid within six months.

Husband contends he is unable to pay $300 monthly child support, that he should not have been ordered to pay all the family debts and that the award of attorney fees to wife is inequitable. He asks that his support obligation be reduced and that the family debts and attorney fees be paid from the sale of the family home before the net proceeds from that sale are divided between the parties. Wife contends that husband has substantial assets, including rental property, his share in the net proceeds from the sale of the family home, a coin collection, antique automobiles and silver bullion, in addition to current tax-free income from unemployment compensation. The provisions of the decree relating to the payment of the family debts and the award of attorney fees appear equitable. We are unpersuaded that we can make a disposition significantly preferable to that made by the trial court. *Pullen and Pullen,* 38 Or App 137, 142, 589 P2d 1145, *rev den* 286 Or 449 (1979).

Husband was employed at a plywood mill continuously from 1967 before being laid off in January, 1981, because of the depressed plywood market. Prior to being laid off, he had a net monthly income of $1,100. He is presently unemployed. It is unknown when the mill will resume production. He testified that he had monthly expenses of $1,214 and income of $683 from unemployment compensation and rental income. Wife is employed 20-24 hours weekly as a cashier. She has net monthly income of

about $675. Nothing prevents her from working longer hours. She claimed monthly expenses of $952 for herself and the children; however, she lives with a man who provides her and the children with rent free housing, and she has no utility expenses. Her actual living expenses therefore are closer to $700 monthly.

■ Approximately one month after the hearing in this case the Supreme Court decided *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). In *Smith,* the court said the issue of child support cannot adequately be considered except in light of the provisions of the decree in regard to the division of property and spousal support. *Smith v. Smith, supra,* 290 Or at 677-78. That statement is true here, even though this decree makes no provision for spousal support. Because the legislature gave no specific directions for determining what is "just and proper" child support, ORS 107.105(1)(b), trial and appellate courts are left to make that determination. *Smith v. Smith, supra,* 290 Or at 679. Each case must be considered on its own facts, but by following certain general principles or guidelines.

In this case the trial court made no specific findings concerning the matter of child support. Because the decree was entered prior to the decision in *Smith,* the trial court did not use the "formula method" adopted in *Smith* to calculate child support. The trial court's opinion letter dated March 10, 1981, merely recites in part:

> "The petitioner desires child support at the rate of $150 per month per child and the respondent expresses no opinion on the reasonableness of that request and contends that he is not in a position to make any support payments because of his unemployed status. It is the Order of the Court that child support shall be fixed in the sum of $150.00 per month per child as requested by the petitioner * * *. The respondent cannot avoid his responsibility for paying child support by remaining unemployed and not seeking further employment."

The trial court's opinion letter creates the impression that the court felt husband was trying to avoid his responsibility to pay child support. However, this is in contrast to the trial court's finding in the same letter:

> "The respondent has worked for Boise Cascade since 1967 continuously prior to his being layed [sic] off because

of the present economic conditions and depressed lumber market on January 15, 1981. The husband is still unemployed and is receiving unemployment compensation. It is unknown when the mill will resume full production or when the respondent will again become employed with that mill."

■    In *Phillips and Phillips,* 27 Or App 629, 557 P2d 31 (1976), we indicated that a support order must be based upon the facts as they exist on the date the order is entered and that an order based upon economic or financial considerations not in evidence is "speculative" and improper. *See also, Nussmeier and Nussmeier,* 27 Or App 173, 555 P2d 813 (1976), *rev den* 277 Or 1 (1977). Here, as in *Phillips,* the support order appears to be based, at least in part, upon husband's anticipated *future* earnings. That was error.

■    This case must be remanded for the further reason that we are not satisfied the trial court gave sufficient consideration to husband's financial liquidity problems. The decree requires husband to pay $300 monthly child support, $2,500 of family debts, and $1,363 toward wife's attorney fees. His net monthly income is approximately $683. He testified he has monthly expenses of $1,214. Whether those figures are reliable we do not know. True, husband will receive cash when the family property is sold, and he does own income producing property. It is not clear, however, how the trial court expected husband to make his *current* support payments in view of the *current* status of his income and assets.

Remanded for further proceedings pursuant to *Smith v. Smith, supra,* and for consideration of husband's ability to pay. No costs are awarded to either party.