Argued and submitted March 31, reversed and remanded October 27, 1982

## In the Matter of the Marriage of
## RICE,
*Appellant,*
*and*
## RICE,
*Respondent.*

(No. 15-79-10797, CA A22362)

652 P2d 877

A. Dean Owens, Eugene, argued the cause for appellant. With him on the brief was Arlene A. Platt, Eugene.

Alexander A. Wold, Jr., Eugene, argued the cause for respondent. On the brief was Roy Dwyer, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Father appeals a trial court order denying his motions to terminate or reduce spousal support and to require mother to pay child support. The threshold issue is whether father sustained his burden to prove a change of circumstances. We conclude that he did.

The decree was entered in May, 1980. It provided for "joint custody" of the parties' three children, ages 10, 7 and 6, with physical custody given to father. Although she was earning $15,000 yearly at the time, mother was not ordered to pay child support. Father was ordered to pay mother $300 spousal support monthly from October, 1980, to September, 1981, and $500 a month thereafter until September, 1987.

At the dissolution trial mother's counsel argued that the decree should reflect two probabilities: (1) that the income of father, a medical doctor, would steadily increase and (2) that mother's income would not increase significantly because of the nature of her employment and the fact that she intended to continue that employment in Eugene in order to be near her children. Within two months after the decree was entered, mother moved to San Francisco, where she immediately obtained employment at a higher salary.

In June, 1981, father moved to modify the decree, contending that there had been a change of circumstances in that (1) his income had decreased significantly; (2) mother's income had increased significantly; and (3) mother's move to San Francisco had increased his expenses in supporting the children.[1]

---

[1] The decree was modified in September, 1980, to provide that the parties' 1979 income tax refund would be divided and that mother would pay the children's transportation costs when they visit her. Father contends that the trial court erroneously limited him to showing a change of circumstances since the date of that modification. Although the trial judge did make a preliminary statement that, because there had already been a modification, he would limit his consideration to the period after the modification, the order appealed from recites that the judge considered the "approximately one-year period from the date of the decree until the hearing" on father's motion. The record supports this recital. We find no error.

At the hearing, father testified that his net income had decreased 25 percent since the decree.[2] He offered income tax returns and other financial data to corrobate his assertion. After moving to San Francisco, mother was employed at $21,000 yearly and at the time of the hearing she was earning $22,000.

At the time of the decree it was contemplated by the parties that mother would continue living in Eugene and that she frequently would have the children in her physical custody.[3] Father testified that there was to be

-----

[2] In 1980, father's gross income was $47,909.88. For the first six months of 1981, his gross income was $19,971. Father testified:

"Q. Do you have opinion in regard to why your income has been reduced?

"A. Yes.

"Q. What is your opinion?

"A. I think there's three factors. One is that it's a hard time for everybody. I do general practice and a lot of things that I do such as annual exams, people are putting those off. People stay sick longer before they come in or just suffer through their illnesses.

"The second reason is there has been a lot of physicians moving into the area, new physicians so there is a lot more competition.

"The third reason is the physicians in general. Their income has gone down and at the present time a lot of the specialists are doing more general medicine, the same thing that I do.

"There is a fourth reason also. That is that our accounts receivable are getting higher. A lot of those we won't be able to collect. People move out of the community.

" * * * * *

"Q. Do you have a projection as to how your income is going to go in the near future?

"A. Well, I keep hoping it will go up, but so far it hasn't gone up and it's going down at present and I don't know when it's going to turn around. Hopefully with the economy, and I hear a lot of different figures there of a year to two years so I don't expect it to go up until things get better for everyone."

[3] The decree provided that mother would have reasonable visitation, including but not limited to the following:

"a. Visitation with all three of said children for a two week period each summer.

"b. Separate visitation with each of said children for one week each summer.

"c. Visitation with all three of said children every other weekend commencing at 5:00 p.m. on Friday and terminating at 5:00 p.m. on Sunday.

about a 75/25 percent custodial relationship with the children; that when mother moved to San Francisco he had to assume about 95 percent of the responsibility for the children; and that that had increased his child-care expenses significantly. While not contesting father's basic contention in that regard, mother testified that her child-care expenses had also increased, because now she is required to pay the children's transportation costs when they visit her in San Francisco.

The trial court concluded:

"*** [T]he economic turndown in the petitioner's financial affairs over the approximately one-year period from the date of the decree until the hearing reflects in large part the economic turndown in the Pacific Northwest and does not constitute a sufficient change of circumstances to justify modification of the decree."

We take this statement to mean that, although not rejecting father's evidence, the court found that his loss of income was only *temporary* and that, therefore, there was not a sufficient change of circumstances to warrant a re-examination of the support issues.[4] We do not agree.

■ ■ A support or modification order must be based on the evidence as it exists on the date it is entered. An order based on economic or financial considerations not in evidence is improper. *Parker and Parker*, 56 Or App 112, 641 P2d 84 (1982); *Phillips and Phillips*, 27 Or App 629, 557 P2d 31 (1976); *Nussmeier and Nussmeier*, 27 Or App 173, 555 P2d 813 (1976), *rev den* 277 Or 1 (1977). Here, the trial

---

"d. Christmas Day on alternating years and Christmas Eve on the years when Respondent does not have visitation with said children on Christmas Day.

"e. Each of the children's birthdays in alternating years.

"f. Visitation with all three of said children every year on Respondent's birthday.

" *****

"h. Four consecutive days, including one weekend, during each spring vacation.

"i. Visitation with one of said children for one evening each week between 5:00 p.m. and 8:00 p.m."

[4] Because the trial court found against father on the change of circumstances issue, it did not consider the support issues.

court's order denying father's motion appears to be based in significant part on father's anticipated future earnings. That was error.

■ Father's income has decreased 25 percent. Mother's income has increased 46 percent. Additionally, father's child-care expenses have increased, because mother has moved to San Francisco. The record shows that none of these events were contemplated by the parties at the time of the decree. From the record as a whole, we conclude that father has shown a substantial change of circumstances.

■ ■ Both parents have an obligation to support their minor children. In *Sellers and Sellers,* 39 Or App 647, 653, *modified* 41 Or App 13, 593 P2d 1191 (1979), we held that public policy generally requires that a noncustodial parent pay some child support, even though the custodial parent can adequately support the children without the help of the noncustodial parent. *See also Westby and Westby,* 30 Or App 431, 433, 567 P2d 145 (1977). Although the decree here provides for "joint custody," mother's move to San Francisco has made her the functional equivalent of a noncustodial parent. We see no reason why the policy expressed in *Sellers* and *Westby* should not be applied here.

On *de novo* review we could determine the amount of child support mother should pay by applying the formula found in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). However, because the decree also provides for spousal support, and because the trial court did not consider the support issues, we reverse and remand to the trial court for consideration of the spousal and child support issues.

Reversed and remanded for consideration of the spousal and child support issues. No costs to either party.