## In the Matter of the Marriage of

**SILLS,**
*Respondent,*
*and*
**SILLS,**
*Appellant.*

(81-12-1393; A25662)

662 P2d 795

Paul F. Sumner, Madras, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a trial court order denying his motion to modify the parties' dissolution decree by eliminating spousal support and decreasing child support. On *de novo* review, we reverse and remand for further proceedings.

During the dissolution trial that was held on April 20, 1982, husband testified that his monthly income was $1,804, but that he expected to lose his job shortly thereafter. On April 21, the trial court issued its written decision in which, *inter alia,* it awarded custody of the parties' three children to wife and ordered husband to pay her $175 monthly child support for each child[1] and $200 monthly spousal support for a period of four years. Husband lost his job on May 6. His income from unemployment benefits is now $164 weekly. The decree was signed on May 27.

On June 6, husband moved to modify the decree to eliminate spousal support and to decrease child support from $175 to $75 monthly per child. The trial court said:

"* * * * *

"As far as the motion to modify child and spousal support, the termination of the job at Hanford One was a factor considered by this court during the trial. The job terminated before the decree. His unemployment, therefore, is not a change occurring since the decree. The motion to modify is denied.

"* * * * *

"It should be obvious to you, Mrs. Sills, he does have an income reduction problem, although I'm not modifying the decree in that respect. He does have a substantial change, although it was one that was anticipated before, and, therefore, it's not going to be modified."

---

[1] At the time of the dissolution trial, husband's monthly income was $1,804. Wife's was $297. The childrens' needs were $274 monthly per child. In fixing husband's child support obligation, the dissolution court reduced the amount he might have been required to pay under a strict application of the formula in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), because (1) wife received most of the parties' assets ($18,500 vs $4,210), (2) husband was ordered to pay all of the marital debts ($12,145), (3) husband was ordered to pay spousal support and (4) husband was ordered to provide medical, dental, visual and life insurance for the children. He was also ordered to pay $1,682 on account of wife's attorney fees and costs.

■ Husband contends first that the trial court erred in finding that his impending unemployment was a factor considered by the dissolution court in fixing his support obligations under the decree. The record here does not contain a transcript of the dissolution hearing. Therefore, we are unable to determine whether the dissolution court took husband's impending unemployment into consideration.[2] While husband's unemployment may have been anticipated at the time of the dissolution trial, it ought not to have been considered in fixing his support obligations, because it was speculative. *See Phillips and Phillips,* 27 Or App 629, 557 P2d 31 (1976); *Nussmeier and Nussmeier,* 27 Or App 173, 555 P2d 813 (1976), *rev den* 277 Or 1 (1977); *see also Maurer and Maurer,* 49 Or App 355, 619 P2d 964 (1980).

■ Husband next contends that the trial court erred in finding that his post-trial unemployment is not a change of circumstances entitling him to consideration of his motion, because it occurred before the decree was signed. The question is which date controls — the date of the dissolution trial or the date of the decree? We conclude that on these facts the date of the trial controls. *See Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972). Therefore, the trial court erred.

The trial court's refusal to hear the motion on its merits prevented the parties from developing a record adequate for *de novo* review. Therefore, we must remand for a determination on the merits.

Reversed and remanded for further proceedings. No costs to either party.

---

[2] Our review of the dissolution court's April 22 written decision persuades us that the court made a rather straightforward application of the *Smith* formula in setting husband's child support obligation.