Argued and submitted July 8, order vacated; decree modified October 12, 1983

In the Matter of the Marriage of

RONNFELDT,
*Respondent,*

*and*

RONNFELDT,
*Appellant.*

(D7708-12303; CA A26349)

670 P2d 229

J. Michael Doyle, Gresham, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Husband appeals the denial of a motion to modify his child support obligation due to a change of circumstances. On the basis of our *de novo* review, we vacate the order denying modification.

The parties were divorced in 1978 when husband's gross income was about $2,000 per month and wife's net income was $450 per month. As the noncustodial parent, husband's support obligation was fixed at $175 per month for each of his two children, for a total of $350 per month. Due to a "lack of orders," husband was laid off from a position he had held for eight and one-half years with Reynolds Metals Company. Management officials have advised that it may be two years before husband is rehired. Husband has been unable to secure another position. His current income amounts to $750 per month in unemployment benefits. Wife continues to work and has roughly doubled her net income to $906 per month since the divorce. Husband seeks a reduction of his monthly child support obligation by $100 per child.

■ In *Dooley and Dooley,* 30 Or Ap 989, 991-92, 569 P2d 627 (1977), we said:

> "Before the child support provisions of a dissolution decree may be modified, it must be shown that a change of circumstances relating to either the need for the support or *the noncustodial parent's ability to pay support* has occurred. * * *" (Emphasis supplied.)

Both an increase in a custodial parent's income and a decrease in a noncustodial parent's income are proper factors to be considered in determining whether the requisite change of circumstances has occurred. *See, e.g., Frothingham and Frothingham,* 22 Or App 39, 537 P2d 1174 (1975); *Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974); *see also Rice and Rice,* 60 Or App 95, 652 P2d 877 (1982). In this case, both of those factors are present.

The trial judge denied husband's motion, which suggests that she found no sufficient change of circumstances. She nevertheless "abated" $75 per month per child of husband's current support obligation, ruling that the amount

abated would accumulate as arrearages until husband's financial situation allowed him to pay it.

In the light of the facts of this case, we agree with the trial court's determination of the proper level of support. However, we do not agree with its entry of an order which merely "abates" the child support obligation rather than modifying it outright. We know of no authority to support that methodology. We find that husband has shown a change of circumstances and is entitled to a genuine modification, not simply a deferred payment plan. Accordingly, husband's obligation is reduced by $75 per month per child, for a total reduction of $150 per month. Under this holding, as contrasted to the trial court's order, husband will not be subjected to mounting arrearages so long as he provides support at the level set herein.

Order vacated; decree modified to provide that child support shall be reduced to $100 per month per child. No costs to either party.