In the Matter of the Marriage of

## THORNTON,
*Respondent,*
*and*

## THORNTON,
*Appellant.*

(86-53-DI; CA A41592)

737 P2d 638

Donald M. Pinnock, Ashland, argued the cause for appellant. With him on the brief was Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Robert S. Hamilton, Klamath Falls, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

**WARREN, J.**

Husband appeals provisions in a dissolution judgment which require him to pay $500 per month child support and award wife a one-half interest in the proceeds of a breach of contract claim.

In February, 1980, the parties entered into a lease from wife's father with an option to purchase. After husband filed for dissolution, wife, purporting to act for herself and husband, entered into an agreement with her father terminating the lease option. Wife's father took possession of the property. Husband sued for breach of the lease option, demanding only one-half of the contract damages.

■    The trial court correctly concluded that the cause of action was a marital asset subject to division, but erred in awarding wife a one-half interest. Wife's agreement with her father precluded her recovery of any part of the marital asset as between her and her father. She may not participate in any rights which were not affected by her agreement.

■    Husband's income at the time of the hearing was $572 per month from unemployment compensation. Support provisions must be consistent with the ability to pay at the time of the hearing. *Rice and Rice,* 60 Or App 95, 99, 652 P2d 877 (1982). We conclude that support in the amount of $100 per child for a total of $200 per month is appropriate.

The judgment is modified to delete the provision awarding wife a one-half interest in the breach of contract cause of action, and child support is reduced to $200; otherwise affirmed; costs to husband.