Argued and submitted September 8, affirmed as modified; cross-appeal dismissed December 28, 1989

In the Matter of the Marriage of

## PICKERING,

*Appellant - Cross-Respondent,*

*and*

## PICKERING,

*Respondent - Cross-Appellant.*

(29606; CA A50587)

784 P2d 130

James B. Ehrlich, Eugene, argued the cause for appellant - cross-respondent. With him on the brief was Larry O. Gildea, P.C., Eugene.

Nicholas D. Zafiratos, Astoria, argued the cause for respondent - cross-appellant. With him on the briefs was Zafiratos & Roman, Astoria.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Wife appeals an order terminating her award of permanent spousal support.[1] On *de novo* review, we modify the order to award wife $150 per month in permanent spousal support.

The parties were married in 1951. In December, 1982, wife filed a petition for dissolution. Trial was held in June, 1983. At that time, wife's mother was ill with cancer and her death was imminent. The trial court was informed that, in the event that wife's mother were to die, wife would receive an inheritance. In July, 1983, wife's mother died. Later in July, the trial judge wrote a letter opinion in which he said that he would award $550 per month permanent spousal support to wife. He stated that the inheritance would be free of any claim by husband, but that, after wife's receipt of the inheritance, a modification of spousal support "may be in order." No judgment was entered in 1983.

Wife received her inheritance and purchased a home in Portland with part of it. In November, 1983, the parties renewed cohabitation. They stopped living together in August, 1984. Also in August, 1984, wife's attorney wrote to husband's attorney, stating that wife had asked that a judgment of dissolution be prepared pursuant to the court's July, 1983, written opinion. Husband's attorney sent a copy of the proposed judgment to husband, who refused to authorize his attorney to sign it on his behalf. In October, 1984, wife's attorney wrote to the trial judge, stating that husband's attorney had informed her that he was not authorized to approve the proposed judgment, but that it conformed to the July, 1983, letter opinion, except that there were "several changes with regard to the property." In October, 1984, the trial judge signed the judgment *nunc pro tunc* July 14, 1983. He awarded wife $550 per month spousal support and the home in Portland, which had been purchased from her inheritance.[2]

On November 27, 1984, husband moved to modify the judgment, requesting that the spousal support be terminated.

---

[1] We dismiss husband's cross-appeal as untimely.

[2] No timely argument is made regarding the propriety of the judgment being entered *nunc pro tunc* July 14, 1983, or the propriety of the award of the Portland property that was acquired after the trial.

The motion was scheduled to be heard on March 6, 1985. Husband appeared in court with his attorney. Wife also appeared but was not represented by counsel. The parties left the courthouse before the judge had time to conduct a hearing, and the motion was never ruled on.

Wife moved back into husband's residence in May, 1985, and moved out again in May, 1986. On June 30, 1987, husband filed an "amended motion and affidavit to terminate support." A hearing was held in January, 1988, and, after writing another letter opinion dated September 29, 1988, the trial court signed an order terminating spousal support as of November 27, 1984.

Wife argues: (1) The evidence did not support a finding that a significant change of circumstances existed so as to warrant termination of husband's permanent spousal support obligation; (2) the court erred in finding wife's inheritance in determining whether to terminate support; (3) the court erred in treating husband's 1987 motion as an amended motion that related back to his 1984 motion; (4) the court erred in determining that November 27, 1984, was the appropriate date for termination of support; and (5) the court erred in finding that the parties had "tacitly agreed," by their conduct, to set aside the support obligation.

Husband argues that the 1988 modification hearing related back to the 1984 motion, because the 1987 motion was an "amended motion," and that the court properly found a change of circumstances because of the receipt of the inheritance, wife's new living arrangement and her ability to earn a living.[3]

▮▮▮ A change of circumstance that occurs after trial, but before the judgment is signed, is a proper subject of a motion to modify. *Sills and Sills*, 63 Or App 157, 160, 662 P2d 795, *rev den* 295 Or 446 (1983). However, when husband abandoned his 1984 motion, it was withdrawn *de facto* and should not

---

[3] Husband's other arguments are without merit.

have been considered by the trial court.[4] A support or modification order must be based on conditions and evidence as they exist on the date that the order is entered. *Rice and Rice,* 60 Or App 95, 99, 652 P2d 877 (1982). The appropriate inquiry for the trial court in 1988 was whether there had been an unanticipated substantial change of circumstances at the last hearing. *See Harden and Harden,* 67 Or App 687, 690, 679 P2d 348, *rev den* 297 Or 339 (1984).

■ Wife was unemployed at the time of the dissolution trial as well as at the time of the 1988 modification hearing. At the time of the hearing, she was apparently living rent-free and had more than $6,000 in "cash and deposit accounts." She was receiving $467 per month rent on the Portland house, although the monthly mortgage and tax payments totalled $500. She received $432 per month from the sale of property that she had inherited from her mother. Most of the remainder of her inheritance had been spent on living expenses. Under these circumstances, we modify the judgment to reduce wife's permanent spousal support to $150 per month.

Order terminating wife's permanent spousal support modified to reduce support from $550 per month to $150 per month as of June 30, 1987; affirmed as modified; cross-appeal dismissed. Costs to wife.

---

[4] Support obligations that become due after a motion to modify is filed are subject to modification. *Walker v. Walker,* 26 Or App 701, 705, 554 P2d 591, *rev den* 276 Or 873 (1976). Because husband abandoned his motion, the support judgment continued to accrue. Even if the parties "tacitly agreed" to satisfy the judgment, a court may not satisfy accrued support on either equitable or estoppel grounds. *See Eagen and Eagen,* 292 Or 492, 495-96, 640 P2d 1019 (1982).