In the Matter of the Marriage of

Wade Alvin STEVENS,
*Respondent,*
*and*

Teri Jo STEVENS,
*Appellant.*

(15-87-00089; CA A65026)

810 P2d 1334

James C. Jagger, Eugene, argued the cause for appellant. With him on the brief was Jagger & Holland, P.C., Eugene.

Charles S. Spinner, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this custody proceeding, mother appeals the denial of her motion to transfer custody of the parties' two children from father to her. We reverse and remand.

When the marriage was dissolved in 1987, father was awarded custody of the children, and mother was ordered to pay child support. Mother did not appeal. In 1988, father sought a modification of support. His motion was granted, and the trial court entered an order increasing mother's monthly child support obligation. She did not appeal.

At the same time, mother sought a change in custody. When the parties agreed to seek counseling on the custody issue, the trial court dismissed mother's motion, and did not hold a hearing on that matter. In 1989, mother again moved to transfer custody of the children to her. A three-day trial was held, during which mother presented evidence and father cross-examined her witnesses. As a convenience, father was allowed to call several of his witnesses out of order; their testimony was presented during mother's portion of the trial. At the close of mother's case, father moved for a judgment of dismissal. Instead of responding to that motion, the court determined that it had heard enough evidence to rule on the issue of change of circumstances. It denied mother's motion to change custody and held that she had failed to establish a change of circumstances that warranted modification of the custody decree. That determination is the subject of this appeal.[1]

Several of mother's assignments of error stem from the court's refusal to consider evidence of events that took place *before* the dissolution. The moving party in a custody proceeding must show that circumstances relevant to either party's capacity to care for the children have substantially changed *since* the most recent custodial order. *Ortiz and Ortiz,* 310 Or 644, 649, 801 P2d 767 (1990); *Birge and Birge,* 34 Or App 581, 585, 579 P2d 297 (1978). Here, the most recent custody determination was made as a part of the 1987

---

[1] Because of its conclusion, the court did not decide whether a change in custody was in the children's best interests. *Greisamer and Greisamer,* 276 Or 397, 401, 555 P2d 28, *on remand* 27 Or App 521, 556 P2d 992 (1976); *McJunkin and McJunkin,* 90 Or App 1, 4, 750 P2d 1164 (1988).

dissolution. Events that took place before that proceeding were inadmissible to establish a change of circumstances.[2] Of course, in order for a judgment to be the starting point for a determination of *subsequent* change, a party must be allowed to show what the circumstances *were* at the time of that judgment. In this case, the trial court properly allowed evidence of the circumstances that existed at the time of the 1987 dissolution. It correctly *excluded* evidence of events that took place before the dissolution and were unknown to mother at that time; those events were not considered by the judge who made the custody decision.

■ ■ The remainder of mother's assignments of error challenge the trial court's failure to consider evidence of events that took place after the dissolution but before the 1988 support modification. We agree that the court erred in limiting its consideration only to those events that occurred *after* the 1988 hearing, which did not involve the issue of custody and cannot be the starting place for evaluating a change of circumstances. Because the most recent determination regarding custody was made in 1987, when the parties' marriage was dissolved, the court should have considered evidence of changes since that time. Accordingly, the year between the dissolution and the child support hearing was subject to consideration.[3]

■ Even without consideration of the excluded items, *de novo* review of the evidence that was considered by the trial court and was subject to father's cross-examination reveals a number of facts that are relevant to a change of circumstances. Since 1987, mother has remarried and returned to Oregon. She now lives near the children and is involved in their school activities. Her new husband enjoys an excellent

---

[2] The admissibility of evidence of events that occurred *prior* to the last custody decision depends on the purpose for which that evidence is offered. After a substantial change in circumstances has been established, evidence of prior events may be probative and admissible for determining what is in the best interests of the child. *Greisamer and Greisamer, supra* n 2, 276 Or at 401.

[3] Because mother made detailed offers of proof, we have been able to review that evidence. The lie detector examination results, evidence of insurance coverage and evidence relating to a grandparent's fraudulent use of the mails were irrelevant to determining whether there has been a substantial change of circumstances. Exclusion of the remaining items was harmless, because the evidence would have been cumulative.

relationship with them. She is employed in a job that allows her more time to be with the children. On several occasions, they have felt most comfortable confiding in mother about their health problems. Father's communication with mother is marked by hostility and suspicion, and he has been verbally abusive to mother during exchanges of the children for visitation. He has restricted her access to school records and has on occasion refused to communicate with her about medical matters involving the children.

In this case, no *single* factor rises to the level of establishing a substantial change of circumstances. *See Smith and Smith,* 62 Or App 728, 662 P2d 772 (1983); *Birge and Birge,* 34 Or App 581, 579 P2d 297 (1978); *Niedert and Niedert,* 28 Or App 309, 314, 559 P2d 515, *rev den* 277 Or 237 (1977). However, we conclude that, taken together, the changes are of a nature and quantity that establish the requisite change of circumstances.

Because father did not present all of his evidence at the hearing that preceded this appeal, the case must be remanded for that purpose and for a determination of whether a change in custody would be in the children's best interests. *Greisamer and Greisamer, supra,* 276 Or at 400; *Brink and Brink,* 75 Or App 665, 669 n 2, 706 P2d 1015, *rev den* 300 Or 451 (1985); *see* notes 2 and 3, *supra.*

Reversed and remanded. No costs to either party.