Argued and submitted January 19, 1995, amended judgment of March 7, 1994, vacated; otherwise affirmed February 22, petition for review denied July 18, 1995

(321 Or 396)

In the Matter of the Marriage of

Marian F. EADIE,
*Respondent,*

*and*

L. Britton EADIE,
*Appellant.*

(C92-2573DR; CA A83180)

890 P2d 452

Laura Graser argued the cause and filed the brief for appellant.

Barbara P. McFarland and Adams, DeBast, Helzer, McFarland, Richardson & Pope filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Husband appeals from a judgment of dissolution and from an amended judgment that modified the dissolution judgment to award wife attorney fees as a discovery sanction. On *de novo* review, ORS 19.125(3), we affirm the judgment of dissolution and vacate the amended judgment.

The parties' 30-year marriage ended in 1993. The judgment of dissolution was entered in July, 1993. Husband appealed. The parties reconciled in December, 1993, and moved to set aside the judgment and dismiss the appeal. In January, 1994, the trial court set aside the judgment, ORS 107.115(4) (*since amended by* Or Laws 1993, ch 149, § 28), and the appeal was dismissed. Later that month, the parties separated again. Wife moved to "set aside" the set aside order. The trial court denied that motion. On February 1, 1994, after hearing the parties' arguments, it entered a dissolution judgment that was substantially the same as the July, 1993, judgment.

██ Husband appeals from that judgment. As we understand it, the gist of his first assignment is that the trial court erred in entering a judgment that was the same as the July, 1993, judgment, because the parties' circumstances had changed. If a change of circumstances occurs after trial, but before the judgment is signed, a party may move to reopen the record to present additional evidence. *See Pickering and Pickering*, 100 Or App 47, 50, 784 P2d 130 (1989). Here, husband did not move to modify or otherwise ask the court to reopen the case so that he could submit new evidence. *See* ORCP 64. Accordingly, the trial court did not err in basing the February, 1994, judgment on the same facts as the July, 1993, judgment.

Husband's next assignment is that the court erred in entering an amended judgment on March 7, 1994. Before the original dissolution judgment was entered in July, 1993, the trial court, in a pretrial discovery hearing, had awarded attorney fees to wife because of husband's failure to provide ordered discovery. That award was made part of the July, 1993, dissolution judgment. When the trial court entered the February, 1994, judgment, it erroneously read the record as showing that husband had paid the attorney fees. Wife's

attorney agreed not to include the debt in the February judgment, and the February, 1994, judgment did not include the discovery violation award. On March 2, husband appealed the February judgment. On March 7, the trial court entered an amended judgment, which reincorporated the award of attorney fees for the pretrial discovery violation. Husband appeals that judgment in an amended notice of appeal.

■    Husband argues the trial court did not have authority to enter the amended judgment. We agree. Because husband had appealed the February 1, 1994, judgment, the trial court did not have jurisdiction to enter the amended judgment on March 7, 1994.[1] ORS 19.033. Wife contends that the trial court merely corrected a clerical error. We do not agree with wife that the court merely corrected a clerical error. Its failure to award attorney fees for the discovery violation in the February judgment was based on a mistake of fact. That is not a clerical mistake. *See, e.g., 1000 Friends of Oregon v. LCDC (Clatsop Co.)*, 301 Or 622, 627, 724 P2d 805 (1986); *Mullinax v. Mullinax*, 292 Or 416, 424, 639 P2d 628 (1982); *State v. Peters*, 104 Or App 582, 586, 801 P2d 904 (1990).

Amended judgment of March 7, 1994, vacated; otherwise affirmed. Costs, not including attorney fees, to husband.

---

[1] This is not a case where the trial court properly awarded *post-judgment* attorney fees pursuant to ORS 19.033(1) and ORCP 68C(5)(b).