ROBERTS, J.
Father appeals from the trial court’s order modifying the terms of the 1973 dissolution-of-marriage decree to increase payment of child support.
The 1973 decree required father to pay $110 monthly in child support for each of the parties’ two children. In 1976, father filed a motion seeking increased visitation rights and custody of the parties’ 15-year-old son. Mother countered with a motion to reduce father’s visitation rights and to increase the monthly child support from $110 to $200 per child. At the hearing, father dropped his request that custody of his son be changed to him. The trial court ordered that child support for each child be increased to $200 per month.
Before the child support provisions of the dissolution decree may be modified, the moving party must show that a substantial change in circumstances has occurred which justifies the modification of the original order. Delf and Delf, 19 Or App 439, 528 P2d 96 (1974) . Either a change in the ability of the noncustodial parent to provide child support or in the need of the children for the support is sufficient to constitute the necessary change of circumstances. Frothingham and Frothingham, 22 Or App 39, 537 P2d 1174 (1975) .
Here, at the time of the dissolution decree, father was earning a gross salary of approximately $1,200 monthly. Since that time father has changed occupations and is now a shareholder and officer of a company manufacturing ice cream novelties.
At the time of the hearing mother had difficulty establishing the accuracy of father’s income because an order restricting the production of corporate records had been granted to father. The record shows that father’s gross wages are $900 per month. He also receives other benefits from the corporation including a leased automobile which costs the corporation $180 per month, all of the maintenance costs of the car are *[1206] paid by the corporation, an expense account of $200 per month, a medical insurance plan which pays all medical costs, and a life insurance policy paid by the corporation.
The trial court apparently had some question as to the true income of father because of the order denying information on the corporation for 1976 and 1977. This is evident in the court’s decision to increase child support to $200 per child, and to state "there shall be no contempt proceedings for the next eight months so long as he pays $110.00.”
However, upon review, the evidence shows the father’s income as described above, while mother, on the other hand, has experienced a dramatic change in her monthly income. At the time of the decree, mother was earning $650 monthly. She is now earning in excess of $1,400 monthly. Considering all of the circumstances in this case, we conclude that father’s gross salary does not constitute a change of circumstances warranting modification of the child support provisions of the decree.
Mother alternatively contends that the cost of raising the children has risen substantially since 1973. In mother’s brief on appeal, she points to only two factors which would warrant an increase in child support: (1) the increased cost of raising the children because the children are growing older; and (2) the increased cost of raising the children due to inflation. However, the evidence shows that the bulk of the increased cost is attributable to the fact that mother and the children, by virtue of mother’s increased salary and the moneys earned by her present husband, now enjoy a standard of living which is substantially higher than that they enjoyed during mother’s marriage to father. The children now live in a larger house in a higher-income neighborhood and pursue a number of relatively costly recreational activities such as skiing, river rafting and ice skating. We do not deem it equitable, under the circumstances, to require father *[1207] to in effect subsidize this higher standard of living through the payment of increased child support.
Reversed. No costs to either party.