Argued and submitted May 7, reversed July 8, 1982

## In the Matter of the Marriage of

### LUTZ,
*Appellant,*
*and*
### LUTZ,
*Respondent.*

(No. D 6736, CA A23092)

647 P2d 954

Thomas E. Sweeney, Cannon Beach, argued the cause for appellant. With him on the brief was Sweeney & Casterline, Cannon Beach.

Tyler Marshall, and Bouneff, Muller & Marshall, Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Husband appeals from an order modifying a dissolution decree by increasing child support from $120 to $170 per month per child for two children. Husband contends that there was an insufficient showing of a change of circumstances to warrant the increase. We agree.

The marriage of the parties was dissolved in March, 1975. Under the original dissolution decree, husband was required to pay $100 per month support for each of three children, ages 2, 10 and 11. In February, 1978, wife moved to modify the decree to increase the support to $200 per child. She alleged that husband's income had increased to $22,000 per year and that her income was only $425 per month as a teacher's aid. In April, 1978, the court granted wife's motion to modify the decree and increased the child support to $120 per child.

Wife again moved to modify the decree in July, 1981. Husband appeals the granting of this motion. The basis for the motion is stated in wife's affidavit: "Due to unrestrained inflation and a drastic reduction in my own financial resources, I again need a support increase on a per child basis." Wife's stated budget showed increased expenses of about $300 per month over her budget in February, 1978. At the same time, wife had an increase in salary from $425 per month as a teacher's aid in 1978 to $850 per month net as an elementary school teacher in 1981. In addition, the eldest child had become emancipated in March, 1981, was no longer living with wife and was apparently receiving no financial support from her. A daughter, age 16, was working part-time and earned "well over" $700 total gross wages in 1981. Wife's $850 net salary per month was paid during the summer months although she did not teach during those months and was free to earn additional income at other jobs.

Husband has a net income of $1,531 per month or about $200 more per month than he earned in 1978. He is supporting the parties' eldest child, who is attending college, by giving him $120 per month and paying a portion of his college tuition. Husband testified that his expenses had increased by about $100 per month more than his salary had increased since 1978.

■ ■ In order to prevail, one seeking to modify the child support provisions of a dissolution decree must demonstrate that there has been an unforeseen and material change of circumstances affecting the noncustodial parent's ability to pay or the needs of the children involved after the initial entry or last modification of the decree. *See Pelletier v. Pelletier,* 29 Or App 717, 720, n 1, 565 P2d 388 (1977); *Delf and Delf,* 19 Or App 439, 441-42, 528 P2d 96 (1974). Since the last modification of the decree in the present case, both parties' expenses have increased by about the same amount. During the same period, however, wife's salary has doubled while husband's has increased modestly. One of the three children has left wife's home and is being supported by husband. Further, the daughter has begun to work part-time and to provide for a portion of her expenses. Wife has not demonstrated a change of circumstances warranting an increase in child support. Accordingly, the order modifying the decree is reversed.

Order modifying the decree is reversed. No costs to either party.