Submitted on record and briefs March 5, affirmed July 10, 1985

In the Matter of the Marriage of

# CUNNINGHAM,
*Appellant,*
*and*

# CUNNINGHAM,
*Respondent.*

(83-3471-NJ-1; CA A32804)

702 P2d 1157

Jerry E. Gastineau, Medford, filed the brief for appellant.

William G. Carter, and Grant, Ferguson & Carter, P.C., Medford, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Husband appeals from the decree in a dissolution proceeding. He argues that the trial court erred in setting the awards of child and spousal support and in evaluating and dividing the marital assets. We affirm.

The parties were married for 19 years. Husband was 42 and wife was 39 at the time of trial. Wife was awarded custody of their children, ages 14 and 18. Husband works as a natural resource manager for the United States Bureau of Land Management and has a net monthly income of $1,648; he participates in a retirement program and receives medical coverage as part of his compensation. Wife is a freelance dental hygienist who works part-time for several dentists. Her average net monthly income for the year before trial, during the parties' separation, was $800. She also stated that her average net daily pay is $75-80. She has no medical insurance. Wife testified that she suffers from back problems which preclude her from working full-time, but she offered no medical evidence to substantiate that statement. She also testified about emotional problems suffered by herself and her children due to the dissolution and stated that, because of these problems, her psychiatrist advised her not to work a five-day week. The trial court found the evidence insufficient to support her claim that she was presently unable to produce more income.

■       Husband assigns as error the trial court's award to wife of $200 per month as temporary spousal support for a period of four years. Husband argues that wife's net daily income is equal to his and that, because she can work full-time, she should not receive any support from him. The trial court found that wife should be able to increase her net monthly income to between $900 and $1,000, after a period of adjustment.

We think that the award of spousal support was appropriate. There was evidence that wife's physical and emotional problems may preclude an immediate assumption of full-time employment. She has custody of the two children; this is a relevant factor in determining her employability. *Grove and Grove,* 280 Or 341, 347, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). In addition, wife must bear the

costs of her own health care. Considering all of the circumstances, this modest award of temporary spousal support is appropriate. ORS 107.105 (1)(d)(A), (B), (D), (G) and (J).

■ Husband next challenges the trial court's evaluation and distribution of the marital assets. He first contends that the court erred in determining the present value of his retirement benefits to be $45,201. Husband has vested, unmatured rights in a federal retirement program. The contributions which he made during the marriage total $17,414. Had he chosen to terminate his employment at the date of trial and immediately collect benefits, he would have received only the amount of his contributions. A representative of the Bureau of Land Management testified that, if he retires at age 55, $729 of the monthly benefits that he will receive would be attributable to contributions made during the marriage. The representative offered no present value figure. Wife's expert believed that the amount attributable to husband's contributions made during the marriage would be $710. He testified that the present value of husband's future pension of $710 per month, beginning when husband reaches age 55 and continuing for his life expectancy of 18 more years, is $45,201. Husband did not offer any conflicting evidence. The trial court accepted the expert's calculation of present value.

Husband contends that the present value of the retirement benefits is $17,414, the amount which he could have received immediately if he had terminated his employment as of the time of trial. The trial court did not err in assigning his retirement benefits a present value of $45,201. This issue is controlled by the holding of *Minnis and Minnis,* 54 Or App 70, 75, 634 P2d 259 (1981), where this court considered the division of vested, unmatured retirement benefits and stated:

> "* * * It is not proper to assume, for purposes of computing the value of these rights, that husband would immediately leave public service and withdraw his contributions or to ignore the vested pension benefits. *Rogers and Rogers,* [45 Or App 885, 897, 609 P2d 877 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981)]. The primary purpose of the plan is to provide income upon retirement. Husband contributed to the plan for 15 years during their marriage. It is unlikely (and there is no evidence to suggest)

that husband plans to retire, at least before age 55, and
thereby deprive himself of the benefits of the plan."

In that case, we ruled that the trial court erred in evaluating
the husband's retirement benefits at the amount of his contri-
butions. The trial court made no such error in this case.

■ Husband also contends that the trial court erred in
not assigning any value to wife's interest in a family-owned
corporation. Wife's parents own a corporation whose sole
asset, as far as the evidence discloses, is a farm which is leased
to wife's brother, who operates it at a loss. The farm has a
value of $250,000. Wife's parents gave her 31 of the 420 shares,
amounting to a 7.38 percent interest. Wife does not receive
any dividends and testified that she does not think that she
has a right to sell the shares. She stated that her parents plan
to retain control of the farm until their deaths. Wife testified
that the shares were of no value to her.

Husband contends that the shares should be assigned
a present value equal to the net asset value which they
represent, $18,452. It is clear that the present value to wife of
these shares is less than the net asset value, because she
receives no dividends and apparently cannot sell the shares.
Husband presented no evidence regarding the alienability of
the shares or their present value to wife. *Compare Belt and
Belt,* 65 Or App 606, 672 P2d 1205 (1983), *modified* 68 Or App
42, 680 P2d 390 (1984). On this record, we would be required to
speculate in assigning any present value to this asset. We
decline to do so.

Husband contends in his fourth assignment that the
trial court's distribution of the marital assets was not just and
proper, and he relies on the alleged erroneous valuations of his
retirement benefits and wife's shares in the family corpora-
tion. Having concluded that these valuations were proper, we
also affirm the trial court's division of the marital assets.

■■ In his final assignment, husband contends that the
trial court erred in ordering him to pay $170 per month per
child for child support. He claims, as in his first assignment,
that his and his wife's incomes are effectively equal, so they
should equally share the children's monthly needs of $505,
under the formula applied in *Smith and Smith,* 290 Or 675,
684, 626 P2d 342 (1981). Husband also claims that the trial

court erred in ignoring the children's incomes, which were $400 per month for one and $100 per month for the other child at the time of trial. Because those incomes were derived from the summer employment of full-time students, the trial court did not err in refusing to consider them in determining husband's child support obligation.

The trial court applied the *Smith* formula, using wife's net monthly income of $800; husband was ordered to pay 67 percent of the children's needs, or $340 per month.[1] There is no support in the record for husband's contention that wife is presently capable of earning an income equivalent to husband's. Considering the modest award of temporary spousal support, we conclude that the award of child support is appropriate.

Affirmed. Costs to wife.

---

[1] If wife's monthly income were $900, husband should pay 65 percent, or $327; if wife's monthly income were $1,000, husband would pay 62 percent, or $314. It is fair to apply the formula to wife's income for the year preceding trial, because husband's income was also assumed not to have increased.