Argued and submitted June 15, order of modification reversed, otherwise affirmed
November 12, 1987

In the Matter of the Marriage of

KOZLOWSKY,
*Respondent,*

*and*

KOZLOWSKY,
*Appellant.*

(82-08-072; CA A41851)

744 P2d 1329

Ronald Allen Johnston, Portland, argued the cause for appellant. With him on the brief was Ronald Allen Johnston & Associates, Portland.

Ronald I. Gevurtz, Portland, argued the cause for respondent. With him on the brief was Katherine Brown, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Mother appeals the trial court's modification order decreasing father's child support obligation and argues that the award should have been increased. Because we find no change of circumstances, we reverse the child support award.

The parties' marriage was dissolved in 1982, and they were given joint custody of their two sons. In 1983, mother was awarded sole custody, and father was ordered to pay $400 per month for each of the children. At that time, father's annual salary was $50,500. His new wife earned $22,000 a year.[1] Mother earned $400 a month and received spousal support of $400 a month. At the time of the hearing, which produced the challenged order, husband earned $56,200 a year, but his wife was no longer employed. Mother's gross monthly income, including the $800 child support payment, was between $1,400 and $1,600 a month. She no longer received spousal support.

Father contends that the $800 per month child support obligation was based on his income and the income of his new wife. He argues that his child support obligation should be decreased, because his household income has decreased and his support obligations to his new family have increased because they recently adopted a new baby and his wife wishes to remain in the home with the child. Mother asserts that her net monthly income from all sources has remained approximately the same, but her expenses in raising the children have increased substantially and that, therefore, father's support obligation should be increased. The trial court found a change in circumstances because of the reduction in the income of father's family and decreased father's child support obligation to $300 per child per month.

Mother argues that the trial court erred in basing its ruling primarily on father's loss of his new wife's income. In order to prevail in a modification proceeding, the moving party must show that a material change of circumstance has occurred since the last order. *Lutz and Lutz,* 58 Or App 122, 647 P2d 954 (1982). The loss of income of the non-parent spouse does not *ipso facto* constitute a material change in circumstances. In *McClure and McClure,* 66 Or App 281, 672

---

[1] It is unclear from the record to what extent the trial court considered the new wife's income.

P2d 1390 (1983), we reduced the father's child support obligation upon a showing that he had been laid off work and had exhausted unemployment benefits. We held that the fact that the father's new wife had some income was not a ground to impose a support obligation. Similarly, in this case, the new wife's loss of income, in itself, is not a ground to relieve father from his support obligation. She has no legal obligation to support father's children and, if her income has been so used, it was voluntary.[2]

■■ The only other possible basis for concluding that a material change in circumstances has occurred is father's assertion that mother's income has substantially increased. However, the facts do not support his argument. Mother's income has not changed substantially since 1983. We do not find a material change of circumstances justifying modification of the child support award.[3]

■ Mother argues that the increase in the expense of raising the children is a material change of circumstances justifying an increase in father's child support obligation. We do not agree. Her calculation of the children's increased needs were based in large part on anticipated expenses, and we do not find that they constitute a material change of circumstances.

■ On *de novo* review, we conclude that the trial court erred in modifying the support award and reverse that modification. We find no error in the denial of mother's request for attorney fees and costs.

Order of modification reversed; otherwise affirmed. No costs to either party.

---

[2] As discussed in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), once the calculation using the *Smith* formula is complete, the ultimate decision may be *tempered* by the court's consideration of a number of factors related to the circumstances of each party, including the income of a parent's present spouse. Even though that consideration may be a tempering factor, it may not be the primary consideration in establishing or modifying child support.

[3] The support obligation of one parent cannot be so burdensome that that party cannot support himself and other dependents. *Smith v. Smith, supra,* 290 Or at 680. There is no evidence in this case that, even with his reduced family income, father is precluded from supporting himself and all of his dependents adequately.