Submitted on record and briefs September 8, affirmed as modified October 25, 1989

In the Matter of the Marriage of
## DANFORD,
*Appellant - Cross-Respondent,*
*and*
## DANFORD,
*Respondent - Cross-Appellant.*
(87-1654-NJ-3; CA A50193)
781 P2d 872

Jerry E. Gastineau, Medford, filed the briefs for appellant - cross-respondent.

Craig S. Galpern, Medford, filed the brief for respondent - cross-appellant.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Husband appeals from a dissolution judgment.[1] Wife cross-appeals and assigns as error the amount of child support awarded for the parties' two minor children in her custody.[2] On *de novo* review, ORS 19.125(3), we affirm on appeal and modify on cross-appeal.

The parties were married in November, 1983, and they separated in June, 1987. They have two children, ages three and five. Husband was injured on the job in May, 1987, and has not worked since then. He receives, as worker's compensation benefits, temporary total disability payments of $673.22 every two weeks. Wife is employed as a babysitter; she earns $720 per month. In her uniform support affidavit, wife listed expenses for the children of $538 per month.

The trial court awarded $150 per month per child as child support. The court also awarded the parties the personal property in their possession, ordered husband to reimburse wife for $500 of the $1,377 bill that she submitted for attorney fees and costs, ordered each party to provide insurance for the children as available through their employment (although neither party then had insurance available through employment), ordered husband to assume all of the parties' pre-separation debts, and ordered wife to pay one bill for $30 incurred when she took the children to a doctor after the separation. The parties owned no real property.

Wife argues that the court should have awarded child support of $200 per month per child. Husband counters that the award was correct, considering that the court ordered him to assume all of the pre-separation obligations. In determining child support, we start with the formula provided in *Smith v. Smith,* 290 Or 675, 684, 626 P2d 342 (1981). Applying that formula, husband's obligation, as the noncustodial parent, is $180 per month per child.

■    In essence, husband argues that his obligation to pay all pre-separation debts is a circumstance that should temper

---

[1]Husband assigns error to the trial court's decision to grant custody of the children to wife, which we affirm without discussion.

[2] Wife's other arguments and other assignment of error lack merit and require no discussion.

the result of the *Smith* calculation. *See Smith v. Smith, supra,* 290 Or at 685-86. His main claim is that he owes his parents $5,700, which they loaned him to pay various pre-separation debts. However, husband did not provide persuasive evidence to support that claim. He provided no evidence of a repayment schedule and how it might affect his ability to pay child support, nor did he show any other pre-separation debts that might affect the support obligation.

The rest of the trial court's distribution was equitable, and there are no other factors here that should change the result of the *Smith* formula. Paying $360 per month in child support will not create a substantial hardship for husband and will create a more equitable balance in the parties' monthly incomes.

Affirmed on appeal; judgment modified on cross-appeal to award child support of $180 per month per child and affirmed as modified. Costs, not including attorney fees, to wife.