Argued and submitted September 2, 1992, affirmed November 17, 1993

In the Matter of the Marriage of

L. Renee STRINGHAM,
*Appellant,*

*and*

Charles H. STRINGHAM,
*Respondent.*

(86-1897; CA A72228)

863 P2d 504

Mark A. Johnson argued the cause for appellant. With him on the brief were Jacqueline L. Koch and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C.

Mark L. B. Wheeler argued the cause for respondent. With him on the brief was Gordon L. Dick.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Mother appeals from an order modifying a dissolution judgment to award father custody of the three children. She assigns error only to the amount of child support and to a portion of the visitation schedule.

■　　Mother and father are both medical doctors. Mother sustained injuries that make it difficult for her actively to practice medicine. She is a salaried employee at a university in Ohio, and she also receives $1,500 per month in disability insurance payments. Father, who lives in Oregon, recently lost a high-paying job. He now works approximately 24 hours per week at a hospital emergency room and also works part time for a clinic owned by his current wife. The court calculated father's monthly income as $3,959 and mother's as $6,717.[1] The trial court ordered mother to pay $1,330 per month in total child support.

Mother argues that the court incorrectly calculated her monthly income. The $6,717 per month figure includes the monthly disability insurance payments. Mother concedes that her disability payments are part of her gross income. OAR 137-50-340(1) provides, in part:

> "[G]ross income includes income from any source, including but not limited to * * * disability insurance benefits * * *."

However, she argues that those payments should not have been counted in her gross income for purposes of calculating child support, because she spends that money to accommodate her disability so that she can "have a normal income aside from that." She argues that her need for the disability payments should rebut the presumptive child support amounts. OAR 137-50-330(2)(a) provides, in part:

> "The amount of child support to be paid as determined in * * * this rule is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon * * *:
>
> "(A)　Evidence of the other available resources of the parent;
>
> "(B)　The reasonable necessities of the parent;

---

[1] Both parties agree that the amount of child support ordered indicates that the court adopted the support schedule submitted by father.

"* * * * *

"(F)  The special hardships of a parent[.]"

      Father contends that mother did not specifically raise this argument below. Mother listed the disability payments as income on her uniform support affidavit and argued to the trial court that it would be inequitable to consider the disability payments as income for the purpose of calculating child support. Although mother did not cite OAR 137-50-330(2) below, she presented the issue to the trial court. We conclude that mother can pay the presumptive child support amount without substantial hardship. *See Danford and Danford*, 99 Or App 172, 175, 781 P2d 872 (1989). Many of her claimed disability expenses are one-time expenses, the recurring expenses are far less than her monthly disability payment, and mother's extensive assets enable her to bear the additional cost.

■■  Mother also argues that the court improperly calculated father's income. In the past, father has earned more than $8,000 per month. Mother argues that his potential income should be his presumptive income. Speculative income is not a proper consideration in calculating support payments. *Parker and Parker*, 56 Or App 112, 116, 641 P2d 84 (1982). It is undisputed that father no longer has the option to work at his previous job. Father attempted briefly to maintain his former income level, but testified that he could not do so without long hours and extensive time away from his family. As we said in *Hopkins and Hopkins*, 95 Or App 200, 204, 768 P2d 436 (1989),

      "the desirability of a custodial parent foregoing some income in order to spend time with a minor child is a relevant factor in determining the parent's employability * * *."

■■  Mother argues that father has foregone some income to which he is entitled from the clinic for the sake of helping his wife's business survive. Father testified that he has been accepting approximately one third of the amount that the clinic actually owes him. Child support should not be used to support a custodial parent's new family. 95 Or App at 203. However, the court counted in father's gross income approximately $1,000 per month that the clinic pays in expenses for father and his wife in lieu of compensation. The court did not err in arriving at the gross income figure that it did.

Finally, mother objects to the portion of the visitation schedule that provides for

"[l]iberal visitations up to alternating weekends when Petitioner is in Oregon upon one week's notice as to when Petitioner will be in Oregon."

In visitation and custody matters, where the remedy depends on weighing evidence and firsthand observation of witnesses, we give weight to the findings of the trial court. *McCoy and McCoy*, 28 Or App 919, 925, 562 P2d 207 (1977). On appeal, mother suggests, instead, that she be "allowed up to 10 days visitation per month with the children in Oregon upon 21 days notice to husband." The best interest of the children is the paramount consideration in determining the visitation schedule. We are not persuaded that the schedule devised by the experienced trial judge fails to satisfy the present best interests of the children. *See Maddox and Maddox*, 56 Or App 345, 347, 641 P2d 665 (1982).

Affirmed. Costs, not including attorney fees, to father.